UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  2:10-cv-07405-JHN–PJW           Date:  December 5, 2011
Title:    Advocare International, L.P. v. Jessica Hardy

Present: The Honorable JACQUELINE H. NGUYEN

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:
Not Present                           Not Present

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT [76]   (In Chambers)

The matter before the Court is Defendant AdvoCare International, L.P.'s ("Defendant") Motion for Partial Summary Judgment ("Motion"), filed on August 22, 2011.  (Docket no. 76.)  The Court has considered all the pleadings as well as oral argument on November 28, 2011.  For the reasons herein, the Court GRANTS the Motion.

## I.  FACTUAL BACKGROUND[1]

Plaintiff Jessica Hardy ("Plaintiff") had been a member of the United States National Swimming Team since 2005.  (First Amended Complaint ("FAC") ¶ 7.)  On or about January 29, 2008, Plaintiff entered into an endorsement agreement with Defendant, whereby Defendant agreed to provide Plaintiff with nutritional products in return for the right to use Plaintiff's likeness in connection with marketing Defendant's products.  (*Id.* ¶ 8.)

Between January 2008 and June 29, 2008, while training for the U.S. Olympic Swim Team Trials, Plaintiff consumed Defendant's products on a regular basis.  (*Id.* ¶ 10.)  Between June 29 and July 6, 2008, Plaintiff participated in the U.S. Olympic Swim Team Trials.  (*Id.* ¶ 11.)  On July 21, 2008, Plaintiff was informed that her urine sample had tested positive for a low level of clenbuterol, a banned

---

[1] The facts summarized herein are not in dispute unless indicated otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:10-cv-07405-JHN–PJW                                    Date:  December 5, 2011

Title:   Advocare International, L.P. v. Jessica Hardy

substance, and Plaintiff was subsequently disqualified from participating in the 2008 Olympics in Beijing.  (*Id.* ¶ 12.)

Plaintiff asserts that Defendant's product – unbeknownst to her – contained clenbuterol, thus causing her to fail the drug test.  This assertion is based upon expert testimony from Dr. Don Catlin and Dr. George Maylin – two doctors who found clenbuterol in Defendant's product.  (Docket no. 78.)  Plaintiff, in her FAC, asserts claims for, *inter alia*, intentional and negligent misrepresentation.  Defendant moves for summary judgment as to both of those causes of action.  (Mot. 1.)

Plaintiff's claims for intentional and negligent misrepresentation are based, in large part, upon the following statements from Defendant's website:

1. "AdvoCare supplements, including Arginine Extreme and Nighttime Recovery, are or were 'formulated with quality ingredients and based on elite research from around the world to ensure that AdvoCare stand apart as your authority on health and wellness'" ("Statement One");

2. "Safety is the first consideration for every AdvoCare product.  Each product is backed by more than 270 years combined experience and expertise from the Scientific and Medical Advisory Board" ("Statement Two");

3.  "AdvoCare . . . maintains the highest standards of manufacturing and scientific integrity" ("Statement Three"); and

4. "Nationally and internationally recognized in their specialty areas, [Scientific and Medical Advisory] Board members use their expertise to ensure that all AdvoCare products are based on solid science and created with the highest quality ingredients.  Each A[d]voCare product is designed to be world-class, cutting-edge, safe and effective." ("Statement Four.")

(FAC ¶¶ 6(a)–(d); FAC ¶¶ 39(a)-(c); FAC ¶¶ 53(a)-(c).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   2:10-cv-07405-JHN–PJW                              Date:  December 5, 2011
Title:         Advocare International, L.P. v. Jessica Hardy

## II.  LEGAL STANDARD

### A.    Summary Judgment

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The substantive law governing a claim determines whether a fact is material.  *T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987); *see also Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ("Material facts are those which may affect the outcome of the case.") (internal citations omitted).  At the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence and draws all reasonable inferences in the light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31.  The evidence presented must be admissible.  Fed. R. Civ. P. 56(c)(2).

## III.  DISCUSSION

Defendant moves to dismiss Plaintiff's fourth claim for intentional misrepresentation and fifth claim for negligent misrepresentation.  (Mot. 1.)  "The elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'"  *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997) (quoting *Molko v. Holy Spirit Assn.,* 46 Cal.3d 1092, 1108 (1988) (overruled on other grounds)); *see also Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997).  "The elements of a cause of action for negligent misrepresentation are the same as those of a claim for fraud, with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 2:10-cv-07405-JHN–PJW | Date: December 5, 2011 |
| Title: Advocare International, L.P. v. Jessica Hardy | |

exception that the defendant need not actually know the representation is false." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

Defendant argues that (1) Plaintiff failed to adequately identify any particular statement of fact that she relied upon to her detriment, and (2) to the extent Plaintiff can show she saw a particular statement, she cannot demonstrate that Defendant knew, or should have known, such statement was false.

The Court will now consider the four key statements at issue.

A.   **Statements One, Two and Four**

Defendant argues that Plaintiff fails to satisfy the knowledge and reliance elements of both her negligent and intentional misrepresentation claims with respect to the first, second, and fourth statements (FAC ¶¶ 6(a), (b), & (d); Mot. 5–6.) In support of its argument, Defendant points to Plaintiff's deposition, during which she was asked about the four statements. (Alexander Kargher Decl. ("Kargher Decl.") Ex. A.)

Defendant questioned Plaintiff about Statement One, asking, "Is that something that you ever saw on the website?" Plaintiff responded, "I don't know." (Kargher Decl. Ex. A; Jessica Hardy Dep. 549:1-23.) Defendant also questioned Plaintiff about Statement Two, asking, "And that's not–nothing you ever saw on the website, is it?" Plaintiff responded, "I don't remember." (*Id.* at 549:24-550:16.) Finally, Defendant questioned Plaintiff about Statement Four, inquiring, "And was that something that [your attorney] simply included in the complaint or is that something you saw before?" Plaintiff answered, "I don't remember." (*Id.* at 551:21-552:19.) Defendant argues, therefore, that these three statements cannot serve as the basis for Plaintiff's claims. (Mot. 8.) The Court agrees.

To support a cause of action for intentional or negligent misrepresentation, Plaintiff must prove actual reliance on an alleged misrepresentation. *See Mirkin v. Wasserman*, 5 Cal.4th 1082, 1088-89 (1993). Here, Plaintiff can hardly contend that she actually relied on these statements when she specifically stated during her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | 2:10-cv-07405-JHN–PJW | Date: December 5, 2011 |
| Title: | Advocare International, L.P. v. Jessica Hardy | |

deposition that she (a) did not recall the statements, and (b) that they were written in the FAC by her attorney based on AdvoCare's website. (Kargher Decl. Ex. A, Hardy Dep. 549:24-550:16.) In fact, Plaintiff has provided no evidence to dispute the assertion that she did not rely on these statements. Instead, Plaintiff argues that she "[did] not mean [that] she did not see [the three statements] . . . ." (Opp'n 11.) Such argument without sufficient factual support is insufficient.

Therefore, the Court therefore finds that Statements One, Two and Four may not form the basis for Plaintiff's fourth and fifth claims for intentional and negligent misrepresentation.

B.   Statement Three

With respect to Statement Three – the alleged misrepresentation that Defendant "maintains the highest standards of manufacturing and scientific integrity" – the Court finds that this statement constitutes non-actionable puffery.

While "misdescriptions of specific or absolute characteristics of a product are actionable[,]" a product's "superiority claims that are vague or highly subjective often amount to nonactionable puffery . . . ." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (internal citation omitted). The Court finds that Statement Three is a "generalized, vague and unspecific assertion[,]" which constitutes "mere 'puffery' upon which a reasonable consumer could not rely." *Glen Holly*, 352 F.3d at 379. Therefore, Statement Three may not form the basis of Plaintiff's fourth and fifth claims for intentional and negligent misrepresentation.

C.   Other Alleged Misrepresentations

Plaintiff's FAC also alleges intentional and negligent misrepresentation based upon Defendant's alleged "failure to disclose that AdvoCare Arginine Extreme and Nighttime Relief contained clenbuterol." (FAC ¶¶ 39(a), 53(a).) First, Plaintiff has failed to provide any evidence that Defendant actually knew that its product contained clenbuterol. As a result, a claim for intentional misrepresentation based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 2:10-cv-07405-JHN–PJW | Date: December 5, 2011 |
| Title: Advocare International, L.P. v. Jessica Hardy | |

on a failure to disclose must fail. Second, within the Ninth Circuit, claims for fraud and negligent misrepresentation must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See, e.g. Neilson v. Union Bank of California, N.A.*, 290 F.Supp. 2d 1101, 1141 (C.D. Cal. 2003); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F.Supp. 2d 1086, 1093 (C.D. Cal. 1999). Rule 9(b) requires that a Plaintiff allege the "'who, what, when, where, and how' of the misconduct charged.'" *Kearns*, 567 F.3d at 1124 (quoting *Vess*, 317 F.3d at 1106). Plaintiff's overbroad and vague negligent misrepresentation allegation fails to satisfy this particularity requirement. Defendants cannot be expected to "prepare an adequate answer to the allegations," given the statement's lack of specificity. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). As such, the Court finds that this amorphous statement may not serve as the basis for Plaintiff's negligent misrepresentation claim.

All that remains then is Plaintiff's argument – brought for the first time in her Opposition – that her misrepresentation claims should survive because [Defendant] was conveying information to her from many different sources in addition to the website, including written marketing materials, statements by distributors, and those who recruited and signed her up for an endorsement deal. (Opp'n 6-9.) Defendant argues that pursuant to Rule 9(b), Plaintiff is limited to the averments of fraud alleged in Plaintiff's FAC. (Reply 5–7.) The Court agrees that Plaintiff is limited to the averments in her FAC. Therefore, statements first alleged in Plaintiff's Opposition may not form the basis of Plaintiff's claims.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is GRANTED. (Docket no. 76.)

**IT IS SO ORDERED.**

```
                                                          ___: N/A
                                         Initials of Preparer   AM
```